**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GABRYELLE DANIELS,                     )
                                       )
                    Petitioner,        )
                                       )
        v.                             )        Civil Action No. 26-0428 (UNA)
                                       )
U.S. DEPARTMENT OF EDUCATION,          )
OFFICE OF CIVIL RIGHTS,                )
                                       )
                    Respondent.        )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* petition for a writ of mandamus (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DISMISSES the petition without prejudice.

Petitioner allegedly submitted a complaint to the U.S. Department of Education, Office of Civil Rights, at its headquarters office in Washington, DC, after its Dallas, Texas field office failed to act on her prior complaint "alleging discrimination, retaliation, and failure to protect a student from foreseeable harm by a public school district." Pet. at 1; *see id*. at 2-3. According to petitioner, "headquarters failed to act, failed to remedy the regional office's inaction, and failed to ensure enforcement of federal civil rights laws." *Id*. at 2. Consequently, petitioner alleged, she "has been denied meaningful access to administrative civil rights enforcement and continues to suffer ongoing harm." *Id*. Petitioner has demanded "a writ of mandamus compelling OCR Headquarters to act on [her] civil rights complaint[,] . . . to ensure a full and lawful investigation and issuance of written findings[, and to] enjoin respondents from further unreasonable delay[.]" *Id*. at 3. This the Court cannot do.

1

"[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). "To establish entitlement to mandamus relief, the plaintiff must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted); *see Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Here, petitioner neither establishes an entitlement to the investigation she demands nor the government's clear duty to conduct one. The decision to investigate a matter, or not, is discretionary, and the Court cannot compel a discretionary act. *See Patterson v. Harris*, No. 22-cv-0697, 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022) (denying mandamus where "Petitioner has not indicated any basis from which the Court can conclude that the Department of Justice owes her a nondiscretionary duty to investigate the allegations in her civil rights complaint"); *Lovoi v. U.S. Dep't of Justice*, 679 F. Supp. 2d 12, 14 (D.D.C. 2010) (denying "call for a court-ordered investigation to be initiated by the Department of Justice," construed as "a request for a writ of mandamus," because "mandamus cannot be issued to compel discretionary acts like an executive agency's decision to initiate an investigation").

An Order accompanies this Memorandum Opinion.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: April 27, 2026

2